Anna Dahlquist, Bar No. 026069
adahlquist@clsaz.org
Pamela M. Bridge, Bar No. 018252
pbridge@clsaz.org
George H. McKay, Bar No. 015910
gmckay@clsaz.org
**COMMUNITY LEGAL SERVICES**
305 South Second Avenue
Phoenix, Arizona 85003
(602) 258-3434, ext. 2650

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gabriel Baeza, Gilberto Gil-Alcala, Ramon Cuen-Tonori, Armando Garibay, Jose Gonzalez, Reynaldo Guerra, and Francisco Martinez, <br><br> Plaintiffs, <br><br> v. <br><br> S & H Farm Labor, L.L.C.; Salvador Urenas, an individual; and Hermila Urenas, an individual, <br><br> Defendants. | Case No. _____ <br><br> **COMPLAINT** |

## PRELIMINARY STATEMENT

1. Seven farmworkers bring this action for declaratory and injunctive relief and damages against Defendants, an agricultural company and its owners. Plaintiffs base these actions on Defendants' violations of Plaintiffs' rights under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (hereinafter "FLSA"), the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. § 1801 *et seq.* (hereinafter "AWPA"), the Arizona Wage Payment Act, A.R.S. § 22-350 *et seq.*, and on Defendants' breach of the Plaintiffs' employment contract.

2. Plaintiffs are farmworkers who were recruited by Defendants to work harvesting melon primarily in Yuma County, Arizona, during the 2009 melon season beginning in and around May of that year.

3. Defendants failed to pay Plaintiffs as promised under the work arrangement for the time they spent waiting on the bus and in the fields, in violation of the FLSA, the AWPA, and Arizona state employment laws. Defendants further violated obligations under federal and state employment laws by violating several aspects of the working arrangement, including failing to offer Plaintiffs the same benefits offered temporary foreign labor, replacing Plaintiffs with this foreign labor in violation of the Wagner-Peyser Act and its regulations, 20 C.F.R. § 655.90 and 655.102(a), failing to pay wages when due, and giving false and misleading information to Plaintiffs regarding wages, among other violations under the AWPA.

## JURISDICTION

4. This Court has subject matter jurisdiction based on federal question jurisdiction pursuant to 28 U.S.C. § 1331, since the action arises under the laws of the United States and 29 U.S.C. § 1854, covering claims arising under the FLSA and the AWPA.

5. This Court has supplemental jurisdiction over the Arizona Wage Payment Act, and state contract law since these claims are so related to the federal claims that they form part of the same case and controversy under Article III of the United States Constitution.

6. This Court may issue a declaratory judgment pursuant to 28 U.S.C. § § 2201 and 2202, and A.R.S. § 12-1831.

7. Venue is proper in this Court based on 28 U.S.C. § 1391(b) since a substantial part of the relevant events and omissions occurred in the district of Arizona.

## PARTIES

8. Plaintiffs Gabriel Baeza, Gilberto Gil-Alcala, Ramon Cuen-Tonori, Armando Garibay, Jose Gonzalez, Reynaldo Guerra and Francisco Martinez are migrant agricultural workers within the meaning of the AWPA, 29 U.S.C. § 1802(8), and/or individuals entitled to the AWPA migrant protections.

9. Defendant S&H Farm Labor, L.L.C., (hereinafter "S&H") is an Arizona Limited Liability Company domiciled in La Paz County, Arizona in the business of agricultural production.

10. Defendant Hermila Urena is an individual residing in La Paz County, Arizona

and a member and owner of Defendant, S&H Farm Labor, L.L.C.

11. Defendant Salvador Urena is an individual residing in La Paz County, Arizona and an owner of Defendant, S&H Farm Labor, L.L.C.

12. Process may be served by registered mail to Hermila Urena, registered agent, at 1012 Navajo, Parker, Arizona, 85344.   .

## STATEMENT OF FACTS

13. At all times relevant to this action, Defendants employed Plaintiffs to work in the harvest of melon in and around Dateland, Arizona.

14. At all times relevant to this action, Plaintiffs were migrant agricultural workers within the meaning of the AWPA, at 29 U.S.C. § 1802(10), and/or individuals entitled to the AWPA's protections.

15. Plaintiffs speak and read only Spanish.

16. At all times relevant to this action, Defendants were "agricultural employers" within the meaning of 29 U.S.C. § 1802(2).

17. The melon season in Yuma County, Arizona runs from approximately May until September.

18. In the Spring of 2009, Defendants recruited Plaintiffs to harvest melon for Defendants in Yuma County, Arizona.

19. The recruitment of Plaintiffs took place in and around Yuma County, Arizona

20. Plaintiffs Gabriel Baeza, Gilberto Gil-Alcala, Ramon Cuen-Tonori, Armando Garibay, Jose Gonzalez, Reynaldo Guerra and Francisco Martinez accepted employment with Defendants and worked for at least part of the 2009 melon season commencing in May of that season.

21. During the course of their employment, Plaintiffs harvested crops which were produced for movement in interstate commerce, or for incorporation as ingredients in products anticipated to move in interstate commerce.

**A.   Violation of Work Arrangement**

22. In approximately March of 2009, Defendant submitted an application for

alien employment certification with the Department of Labor. In response to Defendant's application, the Department of Labor issued Clearance Orders pursuant to the "H-2A" temporary visa program (established by Congress in 1986 and administered by the Department of Labor (8 U.S.C. §1101(a)(15)(H)(ii)(a)) (Certification Nos. C-09077-18823 and C-08377-15813) to S&H Farm Labor ("S&H") to recruit foreign workers to perform melon harvesting services in and around Yuma County, Arizona. The Clearance Orders required that S&H use their best efforts, which includes compliance with industry standards, to recruit U.S. workers and legal permanent residents prior to recruiting foreign workers. The recruitment process entails the hiring of available U.S. labor through the Arizona Employment Referral process operated through DES's JOBS program.

23. The Clearance Orders further required that Defendants provide their workers with housing.

24. The 2009 Clearance Orders were also filed with the Arizona Department of Economic Security and circulated through the Job Service Office as offers of employment.

25. The Clearance Orders constituted offers of employment to Plaintiffs and a "working arrangement" between Defendants and Plaintiffs.

26. Defendants employed foreign national H-2A workers pursuant to the Clearance Orders during the same time period that Plaintiffs were employed to harvest melon for Defendants.

27. At no time relevant to this action were Plaintiffs either offered or provided with housing.

28. Each day, Plaintiffs were bussed by Defendants from a parking lot in San Luis, Arizona to fields two and a half hours away in Dateland, Arizona. At the end of the workday, Plaintiffs were bussed back to San Luis, Arizona.

29. On or about June 3, 2009, Plaintiffs performed harvest work for Defendants in the Dateland area. At the end of the work day, Defendants failed to provide Plaintiffs with return transportation to San Luis. Instead, Plaintiffs were left in the fields for five hours with no means to make the two and one half hour trip home.

30. Plaintiffs commenced walking to the nearest store where they borrowed a phone and contacted alternate transportation.

31. Defendant Salvador Urenas subsequently approached Plaintiffs at the store, asked Plaintiffs not to say anything to the police and drove several of them home in an unventilated vehicle. The remaining Plaintiffs found alternate transportation home.

32. Defendants breached their work agreement with Plaintiffs by not complying with the terms and conditions of the work arrangement which they promised to Plaintiffs through the Clearance Order.

33. Plaintiffs suffered injury as a result of Defendants' breach of the work agreement.

34. All of the actions and omissions alleged in this Complaint were undertaken by Defendants either directly or through their agents.

**B.  Wait Time Violations**

35. On the way to the fields in the transportation provided by Defendants, Plaintiffs were required to wait on the bus while it stopped at the housing provided to the H-2A workers to pick up additional crews of H-2A workers.

36. After completing their work day harvesting melons, Plaintiffs were often required to wait from two to three hours to take the bus home from the fields. Additionally, on their final day of employment, Plaintiffs were forced to wait for more than five hours in the fields, and then began walking to the nearest store to obtain transportation home.

37. Due to the remote location of the fields and the unavailability of services, Plaintiffs were unable to effectively use the time spent waiting for their own purposes.

38. Such time spent waiting in the field was not, upon information and belief, included in Defendants' employment records as to each Plaintiff.

39. Such time spent waiting on the bus was not, upon information and belief, included in Defendants' employment records as to each Plaintiff.

40. During the period that Plaintiffs worked for Defendants, Plaintiffs spent time engaged to wait at the end of the day while Defendants transported the H-2A workers to the

barracks.  All time spent engaged to wait is compensable under the FLSA and the AWPA.

41. The failure to follow the FLSA and the AWPA, together with the system of wait time in the field, constitute willful acts and omissions on the part of Defendants.

**C. Disclosures and Working Conditions Violation**

42. Defendants did not record the actual amount of compensable time and hours worked on Plaintiffs' earnings statements.

43. Although requried by AWPA, Plaintiffs were not provided with written disclosures of the terms and conditions of employment at the time of hire.

44. Plaintiffs were at all times ready to comply with the terms of the working arrangement and did in fact comply with the terms of the work agreement.

45. At no time relevant to this action did Defendants provide required written disclosures to Plaintiffs as required by the AWPA.

46. At no time relevant to this action did Defendants post in a conspicuous place a poster setting forth the rights and protections afforded to migrant agricultural workers under the AWPA.

47. At no time relevant to this action did Defendants provide Plaintiffs with an itemized pay statement showing all the required information under the AWPA.

48. At times relevant to this action, Defendants transported Plaintiffs in vehicles which were not compliant with applicable safety regulations.

49. At no time relevant to this action did Defendants comply with field sanitation requirements.

50. At times relevant to this action, Plaintiffs were not provided with adequate supplies of water while working in the fields.

**FIRST CAUSE OF ACTION**

**(Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.)**

51. Plaintiffs allege and incorporate by reference paragraphs 1 to 50.

52. Defendants willfully violated the FLSA by failing to pay the applicable federal minimum wage for all time spent working and "engaged to wait."

53. As a consequence of Defendants' violation of Plaintiffs' rights under the FLSA, Plaintiffs are entitled to the difference between the amount paid and minimum wage, in addition to an equal amount of liquidated damages.

## SECOND CAUSE OF ACTION

**(Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. § 1801 *et seq*.)**

54. Plaintiffs allege and incorporate by reference paragraphs 1 to 53.

55. Defendant intentionally violated Plaintiffs' rights under the AWPA by:

    a. failing to pay wages when due in violation of 29 U.S.C. § 1832(a);

    b. failing to make, keep, and preserve records of the hours spent engaged to wait, or to provide statements with wait time hours included in the total in violation of 29 U.S.C. § 1831(c);

    c. knowingly providing false or misleading information to Plaintiffs in violation of 29 U.S.C. § 1831(e);

    d. violating, without justification, the working arrangement with Plaintiffs in violation of 29 U.S.C. § 1832(c); and

    e. failing to post in a conspicuous place a poster provided by the appropriate authority setting forth the rights and protections afforded to Plaintiffs by the AWPA in violation of 29 U.S.C. § 1831(b); [and]

    f. failing to provide written disclosures under 29 U.S.C. § 1831(a);[.]

56. Faor each violation of the AWPA, each Plaintiff so affected is entitled to receive the greater of his actual damages or up to $1000.00 per violation in statutory damages pursuant to 29 U.S.C. § 1854(c).

## THIRD CAUSE OF ACTION

**(Arizona Wage Payment Act, A.R.S. § 23-350 *et seq*.)**

57. Plaintiffs allege and incorporate by reference the allegations set forth in paragraphs 1 to 56.

58. At the end of the employment relationship, all wages due and owing are to be paid to the employee at the next payday under A.R.S. § 23-353.

59. Defendants violated A.R.S. § 23-353 by failing to pay all wages due and owing within the required time period.

60. Additionally, each employee is to be paid on regular paydays all wages due the employee up to such date pursuant to ARS § 23-351(c)).

61. Defendants violated A.R.S. § 23-351 by failing to pay all wages due and owing on the designated regular payday.

62. As a result of Defendants' bad faith violation of A.R.S. § § 23-351 and 23-353, Plaintiffs suffered economic injury and are entitled to treble the amount of their unpaid wages as allowed under A.R.S. § 23-355.

## FOURTH CAUSE OF ACTION

### (Breach of Contract)

63. Plaintiffs allege and incorporate by reference paragraphs 1 to 62.

64. Defendants entered into an employment contract with Plaintiffs.

65. Defendants breached the contract of employment into which they entered with Plaintiffs by failing to comply with the promised terms and conditions of employment.

66. Plaintiffs fulfilled all of their obligations under the contract.

67. As a direct consequence of Defendants' breach of the employment contract, Plaintiffs suffered substantial injury.

68. Defendants are liable to Plaintiffs for actual, incidental and consequential damages.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs pray that this Court grant them the following relief:

a. Declare that Defendants willfully violated Plaintiffs' rights under the FLSA, and intentionally violated Plaintiffs' rights under the AWPA and the Arizona Wage Payment Act; and

b. Award each Plaintiff their unpaid minimum wage in addition to an equal amount in liquidated damages pursuant to the FLSA; and

c. Award each Plaintiff the greater or his or her actual damages, or statutory

damages of $1000 for each violation of the AWPA in each season applicable; and

    d.    Grant a prospective injunction against Defendant's future violation of the AWPA; and

    e.    Award each Plaintiff treble the amount of his or her actual damages for violation of the Arizona Wage Payment Act under A.R.S. § 23-355; and

    f.    Declare that Defendants breached their contracts with Plaintiffs; and

    g.    Award each Plaintiff his or her actual, incidental and consequential damages resulting from that breach; and

    h.    Award Plaintiffs their attorney fees and the costs of Court; and

    i.    Award Plaintiffs such other relief as this Court deems just and proper.

**RESPECTFULLY SUBMITTED** this 28th day of May, 2010.

                      COMMUNITY LEGAL SERVICES

                      */s/Anna Dahlquist*
                      Attorney for Plaintiffs

COMMUNITY LEGAL SERVICES
CENTRAL OFFICE • FARMWORKER PROGRAM
305 South Second Avenue • P.O. Box 21538
Phoenix, Arizona 85036-1538
(602) 258-3434 • FAX (602) 258-4628 • TDD (602) 254-9852