# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| GABRIEL BAEZA, GILBERTO GIL-ALCALA, RAMON CUEN-TONORI, ARMANDO GARIBAY, JOSE GONZALEZ, REYNALDO GUERRA, FRANCISCO MARTINEZ, and ELISEO AYON CASTRO, <br><br> Plaintiffs, <br><br> v. <br><br> S & H FARM LABOR, L.L.C.; SALVADOR URENAS, an individual; and HERMILA URENAS, an individual, <br><br> Defendants. | 2:10-cv-01151-TMB <br><br> **ORDER ON ATTORNEY'S FEES** |

Before this Court is Plaintiffs' motion for attorneys' fees.[1]  Plaintiffs, eight farmworkers,[2] brought this action against Defendants, an agricultural company and its owners, for discrimination based on alienage ([42 U.S.C. § 1981](#)), breach of contract, and for violations of the Fair Labor Standards Act ("FLSA") ([29 U.S.C. § 201](#) *et seq.*), the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA") ([29 U.S.C. § 1801](#) *et seq.*), and the Arizona Wage Payment Act ([A.R.S. § 23-350](#) *et seq.*).[3]  On May 7, 2012, the Court entered a default judgment against Defendants, stating:

---

[1]  Dkt. 41.

[2]  Plaintiffs' papers refer to seven farmworkers, but the caption, complaint, and default judgment reference eight farmworkers.

[3]  Dkt. 32 (Amended Complaint).

> IT IS SO DECLARED that Defendants willfully violated
> Plaintiffs' rights under § 1981 and the FLSA and intentionally
> violated Plaintiffs' rights under the AWPA and the Arizona Wage
> [Payment Act] . . . .[4]

The Court apportioned the judgment on behalf of each plaintiff, for a total default award of

$54,132.50.[5]  Plaintiffs timely moved for an award of attorney's fees pursuant to 42 U.S.C.

§ 1988, 29 U.S.C. § 216, and Arizona Local Rule 54.2.[6]  Plaintiffs request attorney's fees in the

amount of $13,410.00.[7]  Defendants filed no objection, but "the district court [is] required to

independently review plaintiffs' fee request even absent defense objection."[8]

   *a.  Attorney's Fees are Appropriate Under Section 1988.*

   The Civil Rights Attorney's Fees Awards Act of 1976, i.e., section 1988, provides that, in

any action to enforce section 1981, "the court, in its discretion, may allow the prevailing party

. . . a reasonable attorney's fee as part of the costs . . . ."[9]  A plaintiff may be a prevailing party

within the meaning of section 1988 after entry of a default judgment.[10]  The Ninth Circuit applies

---

[4] Dkt. 40.

[5] *Id.*

[6] Dkts. 41.  Oddly, Plaintiffs do not move on section 216, but the Court accepts its incorporation
through the moving papers.  The AWPA does not provide for attorney's fees.  *See Bobadilla-
German v. Bear Creek Orchards, Inc.*, No. 07-3058-PA, 2010 WL 1815796, at *2 (D. Or. May
5, 2010).

[7] Dkt. 43.  Plaintiffs initially requested attorney's fees of $13,760.00, but corrected their request
to reduce it by the $350.00 that was already included in Plaintiffs' Bill for Costs.

[8] *Saldaña v. Slingluff*, No. CV-10-1146-ST, 2011 WL 6888696, at *1 (D. Or. Dec. 1, 2011)
(quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1401 (9th Cir. 1993)).

[9] 42 U.S.C. § 1988(b).

[10] *See H.W. v. E. Sierra Unified Sch. Dist.*, No. CIV-S-11-0531, 2012 WL 4469262, at *2 (E.D.
Cal. Sept. 27, 2012) (citing *Bennett v. Yoshina*, 259 F.3d 1097, 1100 (9th Cir. 2001)).

the "lodestar" method of calculating attorney's fees.[11]  That is, a court should consider the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."[12]

Here, Plaintiffs were the prevailing parties pursuant to the default judgment.  Counsel explains that she worked at least 60 hours on the case, but requested fees for only 44.7 hours at an hourly rate of $300 per hour.[13]  Counsel declares in her affidavit that $300 per hour is a typical hourly rate in the Phoenix legal community for an attorney of her experience.[14]  The Court has reviewed Plaintiffs' motion and supporting papers and finds Plaintiffs' calculation of hours, proposed hourly rate, and application of the lodestar method reasonable.

    b.  *Attorney's Fees are Appropriate Under the FLSA.*

Attorney's fees are authorized, pursuant to 29 U.S.C. § 216, where the court finds a violation of the FLSA.[15]  For purposes of section 216, a party is entitled to attorney's fees where the court enters a default judgment of an FLSA violation.[16]  Like the section 1988 claim

---

[11]  *See Dream Palace v. Maricopa Cnty.*, 342 Fed. App'x 342, 344 (9th Cir. 2009) (unpublished) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434-40 (1983); *E. Sierra Unified Sch. Dist.*, 2012 WL 4469262, at *1.

[12]  *Hensley*, 461 U.S. at 433.

[13]  Dkt. 43 at 4.

[14]  Dkt. 44.

[15]  *See* 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.").

[16]  *See Saldaña*, 2011 WL 6888696, at *1.

discussed *supra*, the Ninth Circuit uses the lodestar method to determine attorney's fees in FLSA claims.[17]  Again, the Court finds Plaintiffs' calculation of attorney's fees reasonable.

  c.  *Attorney's Fees are Appropriate Under Arizona Law.*

With respect to Plaintiffs' claims under Arizona law, Ariz. Rev. Stat. § 12-341 allows for an award of attorney's fees when a party prevails on a contested action arising out of an express or implied contract.[18]  An award under this Arizona statute is discretionary.[19]  In determining whether to award attorney's fees, the Arizona Supreme Court has identified several relevant factors that a court should consider, including the merits of the claim presented, whether the litigation could have been avoided or settled, whether awarding fees would cause extreme hardship, the novelty of the legal issues considered, and whether the successful party prevailed with respect to all relief sought.[20]

Here, Plaintiffs' memorandum of law in support of the motion for attorney's fees considers each factor, and the Court agrees with Plaintiffs' analysis.[21]  For example, Plaintiffs note that their claim had merit, as demonstrated by this Court's denial of Defendants' motion to dismiss and the default judgment.[22]  And, Plaintiffs note that they attempted to resolve this

---

[17]  *Rivera v. Rivera*, No. 5:10-CV-01345-LHK, 2011 WL 3667486, at *1-2 (N.D. Cal. Aug. 22, 2011).

[18]  Ariz. Rev. Stat. § 12-341 ("The successful party to a civil action shall recover from his adversary all costs expended or incurred therein unless otherwise provided by law."); Ariz. Rev. Stat. § 12-341.01 ("In any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees."); *see also Assoc. Indem. Corp. v. Warner*, 694 P.2d 1181, 1184 (Ariz. 1985).

[19]  *See AZ Holding, LLC v. Frederick*, 473 Fed. App'x 776, 778 (9th Cir. 2012) (unpublished).

[20]  *Assoc. Indem. Corp.*, 694 P.2d at 1184.

[21]  Dkt. 43.

[22]  *Id*. at 3.

matter without litigation by sending Defendants a letter prior to the filing of the lawsuit.[23]  The Court also notes that Plaintiffs thoroughly complied with Arizona Local Rule 54.2 with respect to the contents of the motion for attorney's fees and supporting papers.[24]

*          *          *          *

The Court has reviewed Plaintiffs' motion for attorney's fees at Docket 41 and the related documents, including a detailed review of counsel's statement of time expended on the case.[25] Each entry on counsel's statement appears to relate to claims for which attorney's fees are appropriate.  No entry suggests that the Court should discount the request for attorney's fees because counsel spent time on a claim, for example the AWPA claim, for which attorney's fees would be inappropriate.  Because Plaintiffs' request is reasonable, Plaintiffs' motion is **GRANTED**.  **IT IS ORDERED** that Plaintiffs be awarded $13,410.00 in attorney's fees.

Dated this 6th day of February, 2013.


/S/ Timothy M. Burgess
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE

---

[23] *Id.*

[24] *See* Ariz. LRCiv. 54.2.

[25] Dkt. 44-1.